Aaron D. Aftergood (SBN 239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

*Attorneys for Petitioner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.**, a California corporation, individually and on behalf of all others similarly situated,<br><br>                          Petitioner,<br><br>v.<br><br>**TRIUMPH MERCHANT SOLUTIONS, LLC**, a California limited liability company,<br><br>                          Respondent. | Case No. **'20 CV 0754 JAH BLM**<br><br>**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS AND FOR ORDER TO SHOW CAUSE AS TO WHY TRIUMPH MERCHANT SOLUTIONS, LLC SHOULD NOT BE HELD IN CONTEMPT**<br><br>Location: TBD<br>Date: TBD<br>Time: TBD<br>Judge: TBD |

### I.      Introduction

        This action arises out of Triumph Merchant Solutions, LLC's ("Respondent"

or "Triumph") failure to respond to two subpoenas issued in an underlying action

pending in the United States District Court for the Northern District of California.

1  ("Triumph Subpoenas," true and accurate copies of which are attached hereto as

2  Group Exhibit A.) Plaintiff Abante Rooter and Plumbing, Inc. ("Movant" or

3  "Abante") effectuated service of the subpoenas on February 13, 2020, but Triumph

4  has refused to respond to the subpoenas in any fashion. Triumph has likewise

5  refused to respond to or acknowledge Abante's counsels' subsequent attempts at

6  communicating. As such, the Court should enter an Order compelling Triumph to

7  comply with subpoenas and ordering Triumph to show cause as to why it should not

8  be held in contempt.

9  **II.    Factual & Procedural Background**

10       Abante Rooter and Plumbing, Inc. is the plaintiff in the underlying case

11  captioned *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*,

12  pending in the United States District Court for the Northern District of California

13  alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

14  *seq.* ("TCPA"). (*See Abante Rooter and Plumbing, Inc. v. Total Merchant Services,*

15  *LLC*, Case No. 3:19-cv-05711-EMC (N.D. Cal. 2019), Complaint, Dkt. 1.)

16       Defendant Total Merchant Services, LLC ("TMS") has identified Triumph as

17  an entity that placed telemarketing calls on its behalf to Abante and the alleged

18  class members during the subject time period. (*See* Declaration of Taylor T. Smith

19  ("Smith Decl.") ¶ 4, a true and accurate copy of which is attached hereto as Exhibit

20  B.) TMS has also claimed that all of Triumph's call records and related data are

21  within the custody, control, and possession of Triumph. (*Id.*) Relying on these

22  disclosures, Abante issued a Subpoena to Produce Documents, Information, or

23  Objects or to Permit Inspection of Premises in a Civil Action and a Subpoena to

24  Testify at a Deposition in a Civil Action on February 4, 2020. (Triumph Subpoenas,

25  Grp. Ex. A.)

26       On February 6, 2020, Movant attempted to serve both subpoenas, via process

27

28  PETITIONER'S MEMO ISO                    2
    MOTION TO COMPEL
    COMPLIANCE WITH SUBPOENAS

server, at Triumph's principal address 2305 Historic Decatur Rd., Ste. 100, San Diego, CA 92106. (*See* Declarations of Diligence, true and accurate copies of which are attached hereto as Group Exhibit C.) However, Triumph's principal address is actually a Regus shared space, and the process server was informed that Triumph employees only show up by appointment. (*Id.*; *see also* Smith Decl. ¶ 9.) Shortly thereafter, Movant's counsel located the office address for Triumph's organizer, manager, and registered agent, Brandon M. Smith, Esq., which is located at 105 West F Street, 3rd Floor, San Diego, California 92101. (Smith Decl. ¶ 10.)

On February 13, 2020, both subpoenas were served, via process server, at the offices of Brandon M. Smith, Esq. (*See* Proofs of Service, true and accurate copies of which are attached hereto as Group Exhibit D; Smith Decl. ¶ 12.) The subpoenas were left with an individual who represented that she was authorized to accept service on behalf of Mr. Smith. (*See* Proofs of Service, Grp. Ex. D; Smith Decl. ¶ 12.) The subpoena to produce documents sought information regarding Triumph's telemarketing practices—including its calling records, any prior express consent obtained to place the calls, documents related to or mentioning Plaintiff, internal do not call lists, and any steps taken to comply with the TCPA—to be produced on or before February 18, 2020. (*See* Triumph Subpoenas, Grp. Ex. A.) The subpoena to testify at a deposition sought to question Triumph's representative regarding similar topics at a deposition scheduled for February 25, 2020, at 9:00 a.m. (*Id.*)

To date, Triumph has not produced any documents, served any objections, moved to quash, or reached out to Abante's counsel in any way. (Smith Decl. ¶ 18.) Following the expiration of both deadlines, on March 13, 2020, counsel for Abante sent a letter to Brandon M. Smith requesting that Triumph reach out regarding the subject subpoenas. (*Id.* ¶ 14.) The March 13th letter also enclosed the Triumph Subpoenas, both proof of services, and informed Triumph that its failure to respond

would result in the filing of this motion to enforce the subject subpoenas. (*Id.*) Again, Triumph ignored the subpoenas altogether. (*Id.* ¶ 15.)

Lastly, in advance of filing the present motion, counsel for Abante attempted to reach out to Brandon M. Smith by telephone. (Smith Decl. ¶¶ 16-17.) On April 3, 2020, counsel for Abante left a voicemail message requesting that Mr. Smith reach out regarding Triumph's refusal to respond. (*Id.* ¶ 16.) On April 6, 2020, counsel spoke with Mr. Smith's receptionist and was assured that his message would be passed along. (*Id.* ¶ 17.) Counsel has not received any response.

Based on these facts, Movant requests that the Court enter an order compelling Triumph to respond to the subject subpoenas and issue an order to show cause for why it should not be held in contempt.

## III.   Argument

Movant properly served the Triumph Subpoenas that compelled compliance within this District. To date, Triumph provided no response nor has it served any objections. As a result, and as explained further below, the Court should issue an order compelling compliance with the Triumph Subpoenas and issue an order to show cause as to why Triumph should not be held in contempt.

### A.   The Court Has Jurisdiction To Enforce The Triumph Subpoenas.

Under the Federal Rules of Civil Procedure, "only a court in the district of the place of compliance has jurisdiction to compel compliance, or modify or quash a subpoena." *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704 BTM (JLB), 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) (collecting cases). A subpoena may require a non-party witness to attend a deposition or produce documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c); *see also In re Subpoena to VaughnPerling*, No.

PETITIONER'S MEMO ISO
MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

4

1   219MC00083CASEX, 2019 WL 8012372 (C.D. Cal. Dec. 2, 2019). Thus, "the

2   place of compliance is tethered to the location of the subpoenaed person."

3   *Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704 BTM (JLB), 2017 WL 6418961, at

4   *3 (S.D. Cal. Dec. 15, 2017) (citation omitted).

5          This Court possesses jurisdiction to enforce the subject Triumph Subpoenas.

6   Plaintiff served the subpoenas on Triumph, which is a California limited liability

7   company whose principal place of business is located in this district at 2305

8   Historic Decatur Rd, Suite 100, San Diego, California 92106. (*See* Proofs of

9   Service, Grp. Ex. D; *see also* Smith Decl. ¶ 12.) Since the place of compliance is

10  tethered to the location of the recipient, this district is the appropriate forum to

11  enforce the Triumph Subpoenas.

12         **B.     Plaintiff Properly Served The Subpoenas Upon Triumph.**

13         Service of a subpoena "requires delivering a copy to the named person[.]"

14  Fed. R. Civ. P. 45(b)(1). "Most courts interpret 'delivering' as requiring personal

15  service." *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB

16  (JMA), 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018) (citing Wagstaffe,

17  Rutter Group Practice Guide: Federal Civil Procedure Before Trial, § 11:2272

18  (2018 rev.)). While Rule 45 is silent as to what constitutes personal service, there is

19  a growing trend "among courts to allow substitute service of a Rule 45 subpoena,

20  such as mail delivery, so long as the method of service is reasonably calculated to

21  provide timely, fair notice and an opportunity to object or file a motion to quash."

22  *Id.* (citation omitted). As this Court previously held, "[a]bsent further guidance

23  from the Ninth Circuit, the court believes the better view is that 'delivery' under

24  Rule 45 means a manner of service reasonably designed to ensure actual receipt of a

25  subpoena by a witness, rather than personal service." *Id.*

26         Here, Movant effectuated service of the subpoena upon Triumph on February

27

28  PETITIONER'S MEMO ISO                          5
    MOTION TO COMPEL
    COMPLIANCE WITH SUBPOENAS

13, 2020. Initially, Movant unsuccessfully attempted service at Triumph's principal office address, which is a Regus shared office space. (*See* Declarations of Diligence, Grp. Ex. C.) The Regus receptionist stated that she was unable to accept service. (*Id.*) Movant's counsel then located the office address for Brandon M. Smith, Triumph's organizer, manager, and registered agent. (Smith Decl. ¶ 10.) On February 13, 2020, Movant served Triumph at this address by leaving the Triumph Subpoenas with an individual who stated that she was authorized to accept service on behalf Mr. Smith. (Proofs of Service, Grp. Ex. D; *see also* Smith Decl. ¶ 12.) This is sufficient service.

Triumph has also received subsequent notice of the subpoenas as well. On March 13, 2020, after receiving no response from Triumph, Movant sent a letter to Mr. Smith, which included the subpoenas, the proofs of service, and a request to reach out to Movant's counsel. (Smith Decl. ¶ 14.) Counsel also placed multiple calls to Mr. Smith. (*Id.* ¶¶ 16-17.) Consequently, Triumph has received actual notice of the subpoenas. Despite ample notice, Triumph has not responded, reached out, or served any objections. Moreover, its failure to object also waives any argument to the insufficiency of service. *See Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.*, No. 08-cv-80142-JF-RS, 2009 WL 290459, at *2 (N.D. Cal. Feb. 5, 2009) ("[w]here a party has actual notice, failure to make a timely objection waives insufficiency of service.").

Therefore, the Court should find that Triumph was properly served with both subpoenas.

## C.     By Ignoring The Subpoenas, Triumph Waived All Objections And Should Be Compelled To Respond.

"Under Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and give testimony or to produce and permit inspection and copying of'

documents." *Rich v. Kirkland*, No. CV 11-4272-JLS (SPX), 2015 WL 7185390
(C.D. Cal. Nov. 13, 2015) (citing Fed. R. Civ. P. 45(a)(1)(C)). Thereafter, a
nonparty may serve "a written objection within fourteen days after service or before
the time of compliance, if less than fourteen days." *Poly-Med, Inc. v. Novus Sci.*
*PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942, at *2 (S.D. Cal. May
25, 2017) (citation omitted). "'A nonparty's failure to timely make objections to a
Rule 45 subpoena generally requires the court to find that any objections have been
waived.'" *Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG,
2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) (citation omitted). Further,
where a nonparty fails to respond, a court may grant a motion to compel compliance
with a subpoena. *See In re Subpoena to VaughnPerling*, No. 219MC00083CASEX,
2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) (citing *Miranda v. Hokinson*, No.
2:07-cv-0609-JHN-RC, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008)) ("The
Court may also grant a motion to compel compliance with a Rule 45 subpoena,
however, where the nonparty has not formally objected but has instead failed to
respond.").

In this case, Triumph's actions warrant the Court granting a motion to
compel. That is, Triumph was properly served on February 13, 2020. (*See* Proof of
Service, Grp. Ex. D.) The subpoenas specified response dates of February 18, 2020
and February 25, 2020. (*See* Triumph Subpoenas, Grp. Ex. A.) To date, Triumph
failed to respond or serve any objections to the subpoenas. (Smith Decl. ¶ 18.)
Moreover, counsel for Abante has made numerous additional attempts to contact
Triumph to no avail. (*See* Smith Decl. ¶¶ 14-17.) Instead, Triumph has continued to
ignore the subpoenas and subsequent communications and has waived any
objections that it may have asserted.

Ultimately, Triumph should be compelled to respond. Absent such an order,

Triumph will continue to ignore the subpoenas. Accordingly, Movant requests that the Court enter an order compelling Triumph to provide a response to the subpoena to produce documents within fourteen (14) days and to contact Movant's counsel regarding scheduling a deposition.

**D.     Triumph's Actions Also Necessitate An Order To Show Cause Why It Should Not Be Held In Contempt.**

Finally, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, No. 17-CV-649-DMS-WVG, 2017 WL 2291942, at \*2 (S.D. Cal. May 25, 2017). Of course, a subpoena "is itself a court order, and noncompliance may warrant contempt sanctions." *Poly-Med, Inc.*, 2017 WL 2291942, at \*2 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, n.5 (9th Cir. 1983)).

Here, Movant seeks to hold Triumph in civil contempt, which "is meant to 'compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance.'" *Id.* (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)). To establish civil contempt, the movant "must show by clear and convincing evidence that [respondent] violated a specific order of the court." *Id.* at \*3. Once a movant satisfies this burden, then the burden shifts to the respondent "to show that he took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible." *Id.*

Triumph's actions warrant contempt sanctions. As explained above, Triumph was properly served with the Triumph Subpoenas. To date—nearly 2 months after service of the subpoenas—Triumph has failed to respond or reach out to counsel in any way. This holds true despite repeated attempts by counsel to contact Triumph

PETITIONER'S MEMO ISO
MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

8

regarding its obligations. This blatant defiance of a Court Order renders contempt sanctions necessary.

Accordingly, the Court should issue an order to show cause why Triumph should not be held in contempt.

## IV.    Conclusion

For the foregoing reasons, Movant requests that the Court enter an order compelling Triumph to provide a complete response to the Triumph Subpoenas within fourteen (14) days, issue an order to show cause by it should not be held in contempt, and for such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: April 21, 2020

**ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

By:  */s/ Aaron D. Aftergood*
          One of Petitioner's Attorneys

Aaron D. Aftergood (239853)
     aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
     tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Petitioner

*Pro Hac Vice admission to be sought

PETITIONER'S MEMO ISO
MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

9