# GROUP EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▼

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-05711 |
| TOTAL MERCHANT SERVICES, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Triumph Merchant Solutions, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: A mutually agreeable location | Date and Time: 02/18/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/04/2020

|                                   CLERK OF COURT                                   |  |
|---|---|
| | OR |
| _____ | /s/ Patrick H. Peluso |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiff Abante Rooter and Plumbing, Inc. , who issues or requests this subpoena, are:

Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210
ppeluso@woodrowpeluso.com, 720-213-0676

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-05711

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS TO
## TRIUMPH MERCHANT SOLUTIONS, LLC

Please produce the following documents for inspection and copying on or before November 1, 2019. To the extent that TRIUMPH objects to any of the below requests on the basis of privilege, TRIUMPH must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.      All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of TOTAL MERCHANT to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

2.      All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called by YOU on behalf of TOTAL MERCHANT in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

3.      All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU called on behalf of TOTAL MERCHANT on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

4.      All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 3 above.

5.      All DOCUMENTS in YOUR possession that mention PLAINTIFF.

6.      All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to place calls to PLAINTIFF and PERSONS who provided prior express consent in the same manner as Plaintiff.

7.      All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with TOTAL MERCHANT, including all contracts, agreements, and communications between YOU and TOTAL MERCHANT.

8.      All DOCUMENTS sufficient to IDENTIFY any and all steps YOU have caused to be taken to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, including any policies and procedures and the training of employees.

9.      All DOCUMENTS sufficient to IDENTIFY YOUR INTERNAL DO NOT CALL LIST, if any, together with all DOCUMENTS sufficient to IDENTIFY the location of any such INTERNAL DO NOT CAL LIST.

10.   All DOCUMENTS sufficient to IDENTIFY any and all PERSONS that YOU called at least once on behalf of or for the benefit of TOTAL MERCHANT after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD, together with the total number of calls you caused to be made to each person so identified.

11.   All DOCUMENTS sufficient to IDENTIFY any and all involvement of TOTAL MERCHANT in YOUR telemarketing activities or oversight or control that TOTAL MERCHANT possesses over YOUR telemarketing activities conducted on behalf of TOTAL MERCHANT, including all related contracts and communications.

12.   All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and TOTAL MERCHANT regarding PLAINTIFF, this lawsuit, or the underlying allegations set forth in the Complaint.

**DEFINITIONS**

1.   "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.   "DEFENDANT" or "TOTAL MERCHANT" means and refers to the Defendant in the case, Total Merchant Services, LLC, a limited liability company organized and existing under the laws of the State of Delaware whose primary place of business is located at 21650 Oxnard Street, Suite 200, Woodland Hills, California 91367, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

3.   "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4.   "DO NOT CALL REQUEST" or any similar phrase, means and refers to any communication from a recipient of at least one of YOUR calls that communicated to YOU that the PERSON wanted to stop receiving calls from YOU.

5.   "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails,

text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

6.      "IDENTIFY" shall mean the following:

    A.      When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

    B.      When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7.      "INTERNAL DO NOT CALL LIST" means and refers to any internal list of phone numbers YOU maintain of PERSONS who have requested not to be called by YOU together with any written policies and procedures regarding the maintenance and use of any such list.

8.      "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.      "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended complaint.

10.     "RELEVANT TIME PERIOD" means and refers to the time from September 11, 2015 to the present.

11.     "YOU," "YOUR," or "TRIUMPH" means and refers to Triumph Merchant Solutions, LLC a California corporation whose principal place of business and corporate headquarters is located at 2305 Historic Decatur Road, Suite 100, San Diego, California 92106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:19-cv-05711 |
| TOTAL MERCHANT SERVICES, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                   Triumph Merchant Solutions, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Addendum A

| Place: A mutually agreeable location | Date and Time: |
|---|---|
| | 02/25/2020 9:00 am |

The deposition will be recorded by this method:    Stenographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/04/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Patrick H. Peluso |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Abante  Rooter and Plumbing, Inc.
_____ , who issues or requests this subpoena, are:
Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210
ppeluso@woodrowpeluso.com  720-213-0676

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:19-cv-05711

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO TESTIFY AT A DEPOSITION
## TO TRIUMPH MERCHANT SOLUTIONS, LLC

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, TRIUMPH is hereby notified of its obligation to designate one or more officers, employees, agents or other persons who can testify on behalf of TRIUMPH with respect to the topics set forth below. The person(s) so designated shall be required to testify as to each of those matters known or reasonably available to TRIUMPH. Therefore, please designate a representative to testify regarding the following topics. The defined terms need not be capitalized to retain their defined meanings.

1.      All steps YOU have taken to comply with the Telephone Consumer Protection Act ("TCPA"), including YOUR policies and procedures, if any, with respect to the TCPA, and the training of any of YOUR personnel in any such policies and procedures.

2.      YOUR complete relationship with TOTAL MERCHANT, including all contracts, agreements, communications, and call scripts used between YOU and TOTAL MERCHANT.

3.      All services that YOU perform or have performed on behalf of TOTAL MERCHANT or for TOTAL MERCHANT's benefit, including all telemarketing activities that YOU perform on behalf of TOTAL MERCHANT or for TOTAL MERCHANT's benefit.

4.      All oversight or control that TOTAL MERCHANT possesses or retains over YOUR telemarketing activities, including without limitation any communications, contracts, or periodic reporting YOU send to TOTAL MERCHANT regarding telemarketing activity YOU conduct or have conducted on TOTAL MERCHANT's behalf or for TOTAL MERCHANT's benefit.

5.      Any prior express consent that YOU claim was obtained to place telephone calls to PLAINTIFF, including all CONSENT LANGUAGE and the manner by which YOU claim such prior express consent was obtained.

6.      YOUR ability to IDENTIFY all PERSONS who YOU claim provided prior express consent to be called by TOTAL MERCHANT (or by YOU on behalf of or for the benefit of TOTAL MERCHANT) in the same manner that was supposedly used to obtain any prior express consent to make calls to PLAINTIFF.

7.      The identities of all PERSONS that YOU called on behalf of or for the benefit of TOTAL MERCHANT on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

8.      The total number of calls, and the reason for such calls, that YOU caused to be placed to PERSONS on behalf of or for the benefit of TOTAL MERCHANT during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

9.     All of YOUR communications with PLAINTIFF, including all calls.

10.     The DIALING EQUIPMENT that YOU utilized to place calls to PLAINTIFF.

11.     YOUR INTERNAL DO NOT CALL LIST, including the location of any such list, YOUR use of the list, and YOUR training of any personnel involved in telemarketing in the existence and use of any such list.

12.     YOUR handling of DO NOT CALL REQUESTS, including any policies and procedures YOU have regarding DO NOT CALL REQUESTS.

13.     All PERSONS that YOU called at least once on behalf of or for the benefit of TOTAL MERCHANT after such person submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

14.     All calls that YOU placed to PERSONS during the RELEVANT TIME PERIOD on behalf of or for the benefit of TOTAL MERCHANT after they submitted a DO NOT CALL REQUEST.

15.     All DOCUMENTS that YOU produced in response to the Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action that was served on YOU by PLAINTIFF.

## DEFINITIONS

1.     "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.     "DEFENDANT" or "TOTAL MERCHANT" means and refers to the Defendant in the case, Total Merchant Services, LLC, a limited liability company organized and existing under the laws of the State of Delaware whose primary place of business is located at 21650 Oxnard Street, Suite 200, Woodland Hills, California 91367, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

3.     "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded

voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4.     "DO NOT CALL REQUEST" or any similar phrase, means and refers to any communication from a recipient of at least one of YOUR calls that communicated to YOU that the PERSON wanted to stop receiving calls from YOU.

5.     "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

6.     "IDENTIFY" shall mean the following:

   A.     When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

   B.     When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7.     "INTERNAL DO NOT CALL LIST" means and refers to any internal list of phone numbers YOU maintain of PERSONS who have requested not to be called by YOU together with any written policies and procedures regarding the maintenance and use of any such list.

8.     "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.     "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended complaint.

10.    "RELEVANT TIME PERIOD" means and refers to the time from September 11, 2015 to the present.

11.    "TCPA" or "Telephone Consumer Protection Act" means and refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*

12.     "YOU," "YOUR," or "TRIUMPH" means and refers to Triumph Merchant Solutions, LLC a California corporation whose principal place of business and corporate headquarters is located at 2305 Historic Decatur Road, Suite 100, San Diego, California 92106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

# EXHIBIT B

1
2
3
4

Aaron D. Aftergood (239853)
   aaron@aftergoodsq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

5
6
7
8

Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

9

*Pro Hac Vice admission to be sought*

10

*Attorneys for Petitioner*

11
12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.,** a California corporation, individually and on behalf of all others similarly situated,<br><br>            Petitioner,<br><br>v.<br><br>**TRIUMPH MERCHANT SOLUTIONS, LLC,** a California limited liability company,<br><br>            Respondent. | Case No.<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS AND FOR ORDER TO SHOW CAUSE AS TO WHY TRIUMPH MERCHANT SOLUTIONS, LLC SHOULD NOT BE HELD IN CONTEMPT**<br><br>Location: TBD<br>Date: TBD<br>Time: TBD<br>Judge: TBD |

23

24

    I, Taylor T. Smith, declare as follows:

25

    1.    I am an associate attorney with the law firm Woodrow & Peluso, LLC.

26

I am over the age of 18 and, if necessary, can competently testify if required to do

27
28

DECL. OF TAYLOR T. SMITH          1
ISO MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

1   so.

2     2.  I am one of the attorneys of record for Petitioner Abante Rooter and

3   Plumbing, Inc. ("Abante" or "Petitioner") in the underlying litigation *Abante Rooter*

4   *and Plumbing, Inc. v. Total Merchant Services, LLC*, Case No. 3:19-cv-05711-

5   EMC (N.D. Cal. 2019).

6     3.  The complaint in the underlying litigation alleges widespread

7   violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

8   ("TCPA" or "Act"). Specifically, Abante alleges that TMS violates the TCPA by:

9   (1) placing autodialed telemarketing calls to consumers nationwide absent prior

10  express consent, (2) continuing to place autodialed calls after consumers revoke any

11  previously provided consent, and (3) calling persons whose numbers are registered

12  on the National Do Not Call Registry absent any consent.

13    4.  Total Merchant Services, LLC ("TMS") has repeatedly identified

14  Respondent Triumph Merchant Solutions, LLC ("Triumph" or "Respondent") as

15  one of its agents that places telemarketing calls to consumers on its behalf during

16  the subject time period. TMS has also asserted that Triumph initiated all of the calls

17  to Plaintiff, and that all of Triumph's call records and related data are within the

18  custody, control, and possession of Triumph.

19    5.  On February 4, 2020, counsel for Abante issued a Subpoena to Testify

20  at a Deposition in a Civil Action and a Subpoena to Produce Documents,

21  Information, or Objects or to Permit Inspection of Premises in a Civil Action

22  ("Triumph Subpoenas").

23    6.  On February 4, 2020, Abante served notice and copies of the Triumph

24  Subpoenas on all parties in the underlying litigation. Thereafter, Abante sent the

25  Triumph Subpoenas to a process server in the State of California.

26    7.  Triumph's principal office address is located at 2305 Historic Decatur

27

28  DECL. OF TAYLOR T. SMITH    2
  ISO MOTION TO COMPEL
  COMPLIANCE WITH SUBPOENAS

Road, Suite 100, San Diego, California 92106. (*See* Triumph California Secretary of State Business Filings, attached hereto as Group Exhibit 1.)

8.     Triumph's business filings also identify Brandon M. Smith, Esq. as its organizer, manager, and registered agent. (*See id.*)

9.     On February 6, 2020, the process server attempted service at Triumph's principal office address, which was actually a Regus office location. The server spoke with the Regus receptionist who informed him that Triumph employees only show up by appointment only. The receptionist also stated that Regus employees were not authorized to accept service of subpoenas.

10.     Thereafter, counsel for Abante located an additional office address for Brandon M. Smith at 105 W. F St, 3rd Floor, San Diego, California 92101. This address is listed on Mr. Smith's Attorney Licensee Profile[1] as well as on Triumph's Articles of Organization. (*See* Group Ex. 1.)

11.     Abante then directed the process server to attempt service of the Triumph Subpoenas at the newly located address.

12.     On February 13, 2020, both subpoenas were served, via process server, at the Brandon M. Smith's office address. The subpoenas were left with an individual who represented that she was authorized to accept service on behalf of Mr. Smith.

13.     To date, Triumph has not responded to the subpoenas in any manner. Triumph has also not moved to quash the subpoenas, served any objections, or reached out to Abante's counsel.

14.     On March 13, 2020, counsel for Abante sent a letter to Brandon M. Smith requesting that Triumph reach out regarding the subject subpoenas. The letter

---

[1] Mr. Smith's Attorney License Profile is publically available on the California State Bar's website at http://members.calbar.ca.gov/fal/Licensee/Detail/228065.

DECL. OF TAYLOR T. SMITH                                   3
ISO MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

also enclosed additional copies of the Triumph Subpoenas, both proofs of services, and informed Triumph that its failure to respond would result in the filing of this motion to enforce the subpoenas.

15. Triumph has not responded to counsel's March 13th letter.

16. On April 3, 2020, counsel for Abante placed a call to Brandon M. Smith and left a voicemail message requesting that Mr. Smith reach out regarding Triumph's refusal to respond to the subpoenas.

17. On April 6, 2020, counsel again attempted to call Mr. Smith. During this call, counsel spoke with Mr. Smith's receptionist and was assured that his message would be passed along.

18. To date, Triumph has not responded to the Triumph Subpoenas, served any objections to the subpoenas, moved to quash, or responded to any of Abante's counsels' subsequent communication attempts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 21, 2020, in Denver, Colorado.

By: */s/ Taylor T. Smith*
Taylor T. Smith

DECL. OF TAYLOR T. SMITH
ISO MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS

4

# GROUP EXHIBIT 1

| LLC-1 | **Articles of Organization**<br>**of a Limited Liability Company (LLC)** |
|---|---|

**201502910295**

FILED
Secretary of State
State of California

**JAN 2 6 2015**

This Space For Office Use Only

To form a limited liability company in California, you can fill out this form, and submit it along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if **you drop off** the completed form.

*Important!* LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs.

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**LLC Name**  (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① TRIUMPH MERCHANT SOLUTIONS, LLC

*Proposed LLC Name*      The name **must** include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company.   For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. 10225 BARNES CANYON ROAD STE. 207          SAN DIEGO          **CA**  92121

*Initial Street Address of Designated Office in CA - Do not list a P.O. Box*          *City (no abbreviations)*          *State*   *Zip*

b. _____

*Initial Mailing Address of LLC, if different from 3a*          *City (no abbreviations)*          *State*   *Zip*

**Service of Process**  (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued.  You may list any adult who lives in California.  You may **not** list an LLC as the agent.  **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. BRANDON M. SMITH, ESQ.

*Agent's Name*

b. 105 W. F ST., 3RD FLOOR          SAN DIEGO          **CA**  92101

*Agent's Street Address (if agent is **not** a corporation) - Do not list a P.O. Box*          *City (no abbreviations)*          *State*   *Zip*

**Management**  (Check only one.)

⑤ The LLC will be managed by:

☐ One Manager      ☑ More Than One Manager      ☐ All Limited Liability Company Member(s)

This form must be signed by each organizer.  If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11").  All attachments are made part of these articles of organization.

▶ _____          BRANDON SMITH

*Organizer - Sign here*          *Print your name here*

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State<br>Business Entities, P.O. Box 944228<br>Sacramento, CA 94244-2280 | Secretary of State<br>1500 11th Street., 3rd Floor<br>Sacramento, CA 95814 |

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

LLC-12

18-A31302

# FILED

In the office of the Secretary of State
of the State of California

JAN 24, 2018

**This Space For Office Use Only**

**IMPORTANT** — Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

TRIUMPH MERCHANT SOLUTIONS, LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201502910295 | CALIFORNIA |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>2305 Historic Decatur Road STE 100 | San Diego | CA | 92106 |
| b. Mailing Address of LLC, **if different than item 4a**<br>2305 Historic Decatur Road STE 100 | San Diego | CA | 92106 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>2305 Historic Decatur Road STE 100 | San Diego | CA | 92106 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Brandon | | Smith | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2305 Historic Decatur Road STE 100 | San Diego | CA | 92106 |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Brandon | | Smith | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2305 Historic Decatur Rd STE 100 | San Diego | CA | 92106 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
call center

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 01/24/2018 | Brandon Smith | Lawyer | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

| Secretary of State | **LLC-12NC** |
|---|---|
| Statement of No Change |  |
| (Limited Liability Company) |  |

19-A90666

# FILED

In the office of the Secretary of State
of the State of California

MAR 04, 2019

**IMPORTANT — Read instructions before completing this form.  This form may be used only if a complete Statement of Information has been filed previously and there has been no change.**

**Filing Fee – $20.00**

**Copy Fee –** $1.00;
Certification Fee - $5.00 plus copy fee

*This Space For Office Use Only*

---

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC as it is recorded with the California Secretary of State.  Note: If you registered in California using an alternate name, see instructions.)

TRIUMPH MERCHANT SOLUTIONS, LLC

---

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201502910295 | CALIFORNIA |

---

**4. No Change Statement** (Do not alter the No Change Statement.  If there has been any change, please complete a Statement of Information (Form LLC-12).)

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

---

**5.** The information contained herein is true and correct.

| 03/04/2019 | Chris Heil | Managing Partner | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

---

**Return Address (Optional)**  (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document, enter the name of a person or company and the mailing address. This information will become public when filed. (SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

# GROUP EXHIBIT C

**Declaration of Diligence**

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 3:19-cv-05711 JCS | United States District Court for the Northern District of California | , CA | 4261379 (6172-01) |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Abante Rooter and Plumbing, Inc. | Total Merchant Services, LLC |

| Received by: | For: |
|---|---|
| Inservio3 | Woodrow & Peluso LLC |

| To be served upon: |
|---|
| Triumph Merchant Solutions, LLC |

I, Luis Castellanos, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Triumph Merchant Solutions, LLC, 2305 Historic Decatur Rd., Ste. 100, San Diego, CA 92106 |
| Manner of Service: | Unsuccessful Attempt |
| Documents: | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action |
| Witness fees were offered or demanded and paid: | |

**Additional Comments:**

1) Unsuccessful Attempt: Feb 6, 2020, 11:49 am PST at 2305 Historic Decatur Rd., Ste. 100, San Diego, CA 92106

The address is a Regus location. Brandon Smith is not on the Regus list as an occupant. Triumph is listed, however, they only show up by appointment only. The receptionist stated we would have to locate their number and contact them that way. Regus employees are not authorized to accept Subpoenas, per Receptionist.

**Person serving:**

a. ☐ Not a registered California process server.

b. ☐ California sheriff or marshal.

c. ☒ Registered California process server.

d. ☐ Employee or independent contractor of a registered California process server.

e. ☐ Exempt from registration under Business and Professions Code section 22350(b).

f. ☐ Registered professional photocopier.

g. ☐ Exempt from registration under Business and Professions Code section 22451.

h. Name, address, telephone number, and, if applicable, county of registration and number:

Luis Castellanos
#1391
Inservio3
18013 Sky Park Circle, Suite C
Irvine CA 92614
(949) 777-5496

_____     02/17/2020

Luis Castellanos          **Date**
#1391

**Declaration of Diligence**

| Case: 3:19-cv-05711 JCS | Court: United States District Court for the Northern District of California | County: , CA | Job: 4261384 (6172-02) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Abante Rooter and Plumbing, Inc. | | **Defendant / Respondent:** Total Merchant Services, LLC | |
| **Received by:** Inservio3 | | **For:** Woodrow & Peluso LLC | |
| **To be served upon:** Triumph Merchant Solutions, LLC | | | |

I, Luis Castellanos, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Triumph Merchant Solutions, LLC, 2305 Historic Decatur Rd., Ste. 100, San Diego, CA 92106 |
| **Manner of Service:** | Unsuccessful Attempt |
| **Documents:** | Subpoena to Testify at a Deposition in a Civil Action |
| **Witness fees were offered or demanded and paid:** | |

**Additional Comments:**
1) Unsuccessful Attempt: Feb 6, 2020, 11:46 am PST at 2305 Historic Decatur Rd., Ste. 100, San Diego, CA 92106
The address is a Regus location. Brandon Smith is not on the Regus list as an occupant. Triumph is listed, however, they only show up by appointment only. The receptionist stated we would have to locate their number and contact them that way. Regus employees are not authorized to accept Subpoenas, per Receptionist.

**Person serving:**
a. ☐ Not a registered California process server.
b. ☐ California sheriff or marshal.
c. ☒ **X** Registered California process server.
d. ☐ Employee or independent contractor of a registered California process server.
e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
f. ☐ Registered professional photocopier.
g. ☐ Exempt from registration under Business and Professions Code section 22451.
h. Name, address, telephone number, and, if applicable, county of registration and number:
   Luis Castellanos
   #1391
   Inservio3
   18013 Sky Park Circle, Suite C
   Irvine CA 92614
   (949) 777-5496

_____          02/17/2020
Luis Castellanos                          **Date**
#1391

# GROUP EXHIBIT D

## Proof of Service

| Case:<br>3:19-cv-05711 JCS | Court:<br>United States District Court for the Northern<br>District of California | County:<br>, CA | Job:<br>4294745 (6309-01) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Abante Rooter and Plumbing, Inc. | | **Defendant / Respondent:**<br>Total Merchant Services, LLC | |
| **Received by:**<br>Inservio3 | | **For:**<br>Woodrow & Peluso LLC | |
| **To be served upon:**<br>Triumph Merchant Solutions, LLC | | | |

I, Melissa Peraza, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Triumph Merchant Solutions, LLC, Marisa "Doe" , 105 West F Street, 3rd Floor, San Diego, CA 92101 |
| **Manner of Service:** | Authorized, Feb 13, 2020, 3:24 pm PST |
| **Documents:** | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action |
| **Witness fees were offered<br>or demanded and paid:** | |

**Additional Comments:**
1) Successful Attempt: Feb 13, 2020, 3:24 pm PST at 105 West F Street, 3rd Floor, San Diego, CA 92101 received by Triumph Merchant Solutions, LLC, Marisa "Doe" .

**Person serving:**
a.☐ Not a registered California process server.
b.☐ California sheriff or marshal.
c.☒ Registered California process server.
d.☐ Employee or independent contractor of a registered California process server.
e.☐ Exempt from registration under Business and Professions Code section 22350(b).
f.☐ Registered professional photocopier.
g.☐ Exempt from registration under Business and Professions Code section 22451.
h.Name, address, telephone number, and, if applicable, county of registration and number:
  Melissa Peraza
  Inservio3
  18013 Sky Park Circle, Suite C
  Irvine CA 92614
  (949) 777-5496

_Melissa C. Peraza_ _____ 02-14-20
Melissa Peraza                    Date

## Proof of Service

| Case:<br>3:19-cv-<br>05711 JCS | Court:<br>United States District Court for the Northern<br>District of California | County:<br>, CA | Job:<br>4294751 (6309-02) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Abante Rooter and Plumbing, Inc. | | Defendant / Respondent:<br>Total Merchant Services, LLC | |
| Received by:<br>Inservio3 | | For:<br>Woodrow & Peluso LLC | |
| To be served upon:<br>Triumph Merchant Solutions, LLC | | | |

I, Melissa Peraza, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Triumph Merchant Solutions, LLC, Marisa "Doe" , 105 West F Street, 3rd Floor, San Diego, CA 92101

**Manner of Service:**   Authorized, Feb 13, 2020, 3:24 pm PST

**Documents:**   Subpoena to Testify at a Deposition in a Civil Action

**Witness fees were offered**
**or demanded and paid:**

**Additional Comments:**
1) Successful Attempt: Feb 13, 2020, 3:24 pm PST at 105 West F Street, 3rd Floor, San Diego, CA 92101 received by Triumph Merchant Solutions, LLC, Marisa "Doe" .

**Person serving:**
a. ☐ Not a registered California process server.
b. ☐ California sheriff or marshal.
c. ☒ Registered California process server.
d. ☐ Employee or independent contractor of a registered California process server.
e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
f. ☐ Registered professional photocopier.
g. ☐ Exempt from registration under Business and Professions Code section 22451.
h. Name, address, telephone number, and, if applicable, county of registration and number:
Melissa Peraza
Inservio3
18013 Sky Park Circle, Suite C
Irvine CA 92614
(949) 777-5496

_____   02-14-20
Melissa Peraza                                    Date