UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC. individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>TRIUMPH MERCHANT SOLUTIONS, LLC,<br><br>Defendant. | Case No.:  20cv754-JAH(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS AND FOR ORDER TO SHOW CAUSE AS TO WHY TRIUMPH MERCHANT SOLUTIONS, LLC SHOULD NOT BE HELD IN CONTEMPT**<br><br>**[ECF NO.1]** |

Currently before the Court is Plaintiff's April 21, 2020 Motion to Compel Compliance with Subpoenas and for Order to Show Cause as to Why Triumph Merchant Solutions, LLC Should Not Be Held in Contempt.  ECF No. 1-2 ("Mot.").  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

## BACKGROUND

This matter stems from an underlying class action in the Northern District of California. Id. at 2.  In the Northern District action, Plaintiff alleges violations of the Telephone Consumer Protection Act.  Id.  The defendant in that matter, Total Merchant Services, LLC, identified Defendant Triumph Merchant Solutions, LLC as the entity that placed telemarketing calls to Plaintiff and the alleged class members on its behalf and stated that "all of Triumph's call records

1

and related data are within the custody, control, and possession of Triumph." Id.; see also ECF No. 1-3, Declaration of Taylor T. Smith in Support of Petitioner's Motion to Compel Compliance with Subpoenas and for Order to Show Cause Why Triumph Merchant Solutions, LLC Should Not be Held in Contempt ("Smith Decl.") at ¶ 4.

On February 4, 2020, Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and a Subpoena to Testify at a Deposition in a Civil Action to Triumph. Id. at 2; see also Exh. A. Plaintiff attempted to serve the subpoenas on February 6, 2020 at Triumph's principal address, but the address is a shared space and the process server was informed that Triumph employees are there by appointment only.[1] Id. at 3; see also Smith Decl. at ¶ 9. After locating the address of Triumph's "organizer, manager, and registered agent, Brandon M. Smith, Esq.," on February 13, 2020, both subpoenas were served and left with an individual authorized to accept service on behalf of Mr. Smith. Id.; see also Smith Decl. at ¶ 12. Triumph's deadline to respond to the subpoenas was March 13, 2020. Id. When the deadline passed without response, Plaintiff's counsel sent a letter to Mr. Smith regarding the subpoenas. Id.; see also Smith Decl. at ¶ 14. Mr. Smith did not respond. Id. at 4; see also Smith Decl. at ¶ 15. On April 3, 2020, Plaintiff's counsel called Mr. Smith and left a voicemail about Triumph's failure to respond to the subpoenas and on April 6, 2020 Plaintiff's counsel spoke with Mr. Smith's receptionist and "was assured that his message would be passed along[,]" but Plaintiff's counsel has not received a response. Id.; see also Smith Decl. at ¶ 17.

On April 21, 2020, Plaintiff filed a Motion to Compel Compliance with Subpoenas and for Order to Show Cause Why Triumph Merchant Solutions, LLC Should Not Be Held in Contempt. ECF No. 1. On April 22, 2020, the Court issued an order setting a briefing schedule for the motion requiring (1) Plaintiff to serve a copy of the Court's order and Plaintiff's motion, (2) any opposition to the motion to be filed on or before May 22, 2020, and (3) any reply to be filed on

---

[1] The receptionist also informed the process server that she was not authorized to accept service of subpoenas. Smith Decl. at ¶ 9.

1  or before June 12, 2020. ECF No. 3. No opposition was filed. See Docket.

## **LEAGL STANDARD**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. Serving a subpoena requires delivering a copy to the named person and, if requiring that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). "A subpoena may command a person to attend a trial, hearing, or deposition [] within one hundred miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). "A subpoena may command: [] production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

The court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g). "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." Moore v. Chase, Inc., 2015 WL 5732805, at *2 (E.D. Cal. Sept. 29, 2015). The authority of a federal magistrate judge to exercise this kind of contempt power, however, is established by 28 U.S.C. § 636(e). Under that subsection, magistrate judges are required to refer contempt charges to the district judge with specific certification of all facts supporting any recommendation that a particular individual be held in contempt. See 28 U.S.C. § 636(e)(6)(B)(iii); see also Grimes v. City & County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). As such, were this Court to determine that Triumph's conduct warrants a finding of contempt, it is empowered only to recommend to the district judge that such a finding be made. See HM Elecs., Inc. v. R.F. Techs., Inc., 2014 WL 7183493, at *6 (S.D. Cal. Dec. 15, 2014) ("Magistrate judges themselves do not have authority to make any findings of contempt, so must certify their findings to the district judge.") (citing 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656–657 (9th Cir. 1996)).

To establish civil contempt, a moving party must show by clear and convincing evidence

that the opposition violated a specific order of the court. See Moore, 2015 WL 5732805, at *3 (citing FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999). If the party satisfies that burden, the burden shifts to the other party to show that every possible step was taken to comply with the subpoena and to explain why compliance was not possible. Id. (citing Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983)). The court may consider a history of noncompliance when considering a party's explanation as to why compliance was not possible. Id. (citing Stone v. City of San Francisco, 968 F.2d 850, 856–57 (9th Cir. 1992)). If the party's actions were taken in good faith or based on a reasonable interpretation, that party should not be held in contempt. Id.

## DISCUSSION

Plaintiff requests that the Court issue an order "compelling Triumph to respond to the subject subpoenas and issue an order to show cause for why it should not be held in contempt."[2] MTC at 4. Plaintiff further requests that "the Court enter an order compelling Triumph to provide a response to the subpoena to produce documents within fourteen (14) days and to contact Movant's counsel regarding scheduling a deposition." Id. at 8. In support, Plaintiff argues that (1) the Court has jurisdiction to enforce the subpoenas, (2) Plaintiff properly served the subpoenas on Triumph, and (3) Triumph has waived any objections to the subpoenas by failing to respond to them in any way. Id. at 4-7. In further support, Plaintiff argues that Triumph's actions warrant an order to show cause why it should not be held in contempt because it was properly served with the subpoenas, subpoenas are court orders, and violating a court order can warrant contempt sanctions. Id. at 8. Plaintiff notes that Triumph has ignored the subpoenas for two months despite repeated attempts by Plaintiff's counsel to get in contact

---

[2] The subpoenas at issue seek information about Triumph's telemarketing practices. Specifically "its calling records, any prior express consent obtained to place the calls, documents related to or mentioning Plaintiff, internal do not call lists, and any steps taken to comply with the TCPA" and for the deposition of Triumphs' representative regarding the same. Mot. at 3; see also Exh. A.

regarding the subpoenas and that such "blatant defiance of a Court Order renders contempt sanctions necessary." Id. at 9.

A.   Subpoena Compliance

If an opposing party fails to file opposition papers or a statement of non-opposition[3] in the manner required by CivLR 7.1.e.2, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). Moreover, "[a] non-party's failure to make timely objections to a Rule 45 subpoena generally results in the finding that any objections have been waived." On Demand Direct Response, LLC v. McCart-Pollak, 2019 WL 1867427, at *1 (D. Nev., Apr. 25, 2019) (citing Moon v. SCP Pool Corp., 232 FRD 633, 636 (CD CA 2005) (citing Creative Gifts, Inc. v. UFO, 183 F.R.D. 568, 570 (D.N.M. 1998)); see also F. Subpoena, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F ("Failure to serve timely objections waives all grounds for objection, including privilege.") (citing In re DG Acquisition Corp., 151 F3d 75, 81 (2nd Cir. 1998) (privilege against self-incrimination waived by delay) and Moon, 232 FRD at 636)). However, "[i]n unusual circumstances and for good cause, … the failure to act timely will not bar consideration of objections." Moon, 232 F.R.D. at 636. Unusual circumstances exist where the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith. Id.

Here, Triumph failed to respond to, comply with, or object to Plaintiff's subpoenas. Triumph also failed to respond to Plaintiff's counsel's efforts to communicate regarding the subpoenas and his efforts to arrange compliance. Finally, Triumph failed to oppose Plaintiff's motion to compel, file a notice of non-opposition, seek additional time to respond, or acknowledge the instant motion in any way. See Docket. Additionally, a review of Plaintiff's pleadings indicates that the subpoenas were properly completed, signed, and served. See Mot. at Group Exhibit A; see also Smith Decl. at ¶ ¶ 5-12, Group Exhibit 1, and Group Exhibit C-D.

---

[3] If a party chooses not to oppose a motion, "the party must file a written statement that the party does not oppose the motion or other request for ruling by the court." Civil Local Rule ("CivLR") 7.1(f)(3)(a).

The Court also has reviewed the subpoenas and determined that they are not overbroad on their faces and they do not exceed the bounds of fair discovery.  Accordingly, the Court **GRANTS** Plaintiff's motion in part and makes the following findings:

1. Triumph has waived its right to object to the subpoenas.
2. Plaintiff's motion to compel compliance with the subpoenas is **GRANTED**.
3. Plaintiff is **ORDERED** to serve a copy of this order on Triumph.
4. Triumph is **ORDERED** to contact Plaintiff's counsel via telephone **within two weeks of being served with this order** regarding the scheduling of the deposition.
5. Triumph must provide a complete response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action **within two weeks of being served with this order**.
6. Triumph's failure to comply with this order may result in the imposition of sanctions.

B.  Contempt

Fed. R. Civ. P. 45(g) states that "[t]he court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  The provisions of subdivision (e) of Fed. R. Civ. P. 45 were moved to subdivision (g) as part of the 2013 amendments.  See Fed. R. Civ. P. 45 advisory committee notes.  The rule was

> amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena.  In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.  Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Id.

The Court declines to issue an order to show cause at this time and Plaintiff's request for such an order is **DENIED WITHOUT PREJUDICE**. If Triumph continues to ignore the subpoenas at issue after being served with this order, which clearly requires Triumph's compliance with the subpoenas, Plaintiff may contact Chambers for a hearing date to file another motion for an order to show cause.

**IT IS SO ORDERED**.

Dated: 6/18/2020

Hon. Barbara L. Major
United States Magistrate Judge